**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**BRENDA JOYCE DREW-HOKE**,

      Plaintiff,

v.                                                    Civil Action No. 7:20-CV-33 (HL)

**VALDOSTA STATE UNIVERSITY, et al.**,

      Defendants.

**ORDER**

      Plaintiff Brenda Joyce Drew-Hoke filed this pro se civil rights complaint on March 4, 2020, alleging that Defendants discriminated against her based on her race, age, gender, and disability.[1] Plaintiff's Complaint additionally raises claims under Title IX, the Equal Pay Act, and 42 U.S.C. § 1983 for alleged violations of her First and Fourteenth Amendment rights. The Court denied Plaintiff's motion to proceed in forma pauperis and directed Plaintiff to pay the full filing fee on September 3, 2020. (Doc. 4). Plaintiff paid the filing fee on September 24, 2020, and on November 23, 2020, the Court issued service directions to Plaintiff. Plaintiff never requested the Clerk of Court issue Summons to any Defendant.

      There being no evidence of service on Defendants, on June 18, 2021, the Court entered an Order to Show Cause why this case should not be dismissed

---

[1] Plaintiff's Complaint indicates that she was at one time a graduate student enrolled at Valdosta State University. Whether she was employed by the university or whether she was working at the university incident to a particular course is not clear from the Complaint.

for lack of service. (Doc. 5). Plaintiff responded by letter dated July 8, 2021. (Doc. 6). Plaintiff explained that service had been delayed by the COVID-19 pandemic and other personal health issues. (Id.). Plaintiff represented that she would serve Defendants within seven to ten business days. (Id.). However, as of this date, Plaintiff still has not presented evidence to the Court that she has personally served Defendants.

A plaintiff is responsible for serving a defendant with both a summons and a complaint within the timeframe set forth in Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires a plaintiff to serve process on a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).[2] If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. But, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. A litigant's pro se status does not excuse the obligation to comply with the rules of the court. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Nevertheless, the time period imposed by Rule 4(m) is not meant to be enforced harshly or inflexibly. See Floyd v. United States, 900 F.3d 1045, 1049 (7th Cir. 1990); Williams v. Publix Warehouse, 151 F.R.D. 428, 431 (M.D.Fla. 1993).

---

[2] Rule 4(e) requires that service be personal; mailing the summons and complaint will not suffice. Fed. R. Civ. P. 4(e); see also O.C.G.A. § 9-11-4.

Good cause exists, "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal punctuation and quotation omitted). Absent a showing of good cause, the district court may in its discretion extend the time for service. See Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). In making this decision, the district court shall "consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey, 476 F.3d at 1282. Relevant factors include whether the plaintiff's claims would be barred by the statute of limitations if the action is dismissed. See Horenkamp, 402 F.3d at 1131, 1133. However, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). Id.; see also In re Trasylol Products Liability Litigation, 503 F. App'x 850, 857 (citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run.")).

Plaintiff filed her Complaint on March 4, 2020 and paid the mandatory filing fee on September 24, 2020. The Court provided Plaintiff with a Rule 4 Service

3

Package on November 23, 2020, which outlines the requirements for service. Even if the Court were to use the date the Court mailed these instructions to Plaintiff to calculate the deadline for service, under Rule 4(m), Plaintiff had 90 days, or until February 21, 2021, by which to perfect service on Defendants. Two hundred eighty-two days have now passed since the Court notified Plaintiff of her service obligation, and Plaintiff still has not properly served Defendants, despite being provided with notice of the deficiency.

The Court is cognizant of the complications posed by the pandemic. However, many of the impediments that arose early in the pandemic, such as the closing of certain offices, have since been alleviated. The Court also is sensitive to Plaintiff's health condition and to her need to care for family members. But none of these issues negate Plaintiff's responsibility to pursue her claims diligently, including ensuring proper service. Accordingly, the Court does not believe that the circumstances of this case warrant the Court exercising its discretion to extend the time for service as permitted by Rule 4(m).

Plaintiff's Complaint raises claims of purported discrimination and violations of Plaintiff's constitutional rights. Plaintiff grieved some of these issues before the Equal Employment Opportunity Commission ("EEOC") prior to filing her lawsuit. The EEOC issued a Notice of Suit Rights to Plaintiff on December 5, 2019. (Doc. 1-1). Under the statutory construction for filing a discrimination

4

lawsuit, Plaintiff had 90 days in which to file her Complaint, which she did.[3] Therefore, to the extent that Plaintiff is pursuing claims for race, age, and disability discrimination, dismissing Plaintiff's case at this point effectively would bar Plaintiff from pursuing those claims against Defendants. The running of the limitations period for the discrimination claims, however, does not mean that the Court must further extend the deadline for serve. See Horenkamp, 402 F.3d at 1131, 1133. The Court finds no basis to extend the deadline for service in this case, despite the running of the limitations period.

Plaintiff's claims raised pursuant to § 1983 are not subject to the same 90-day timeline. Section 1983 does not contain an express statute of limitations. See 42 U.S.C. § 1983. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Wilson v. Garcia, 471 U.S. 261, 275-76 (1985)). Under Georgia law, "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33; Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014). The events

---

[3] The EEOC notice informed Plaintiff that any claim under the Equal Pay Act ("EPA") must be filed within two years of the alleged EPA underpayment or within three years for a willful violation of the EPA. (Doc. 1-1). The nature of Plaintiff's EPA claim and the timeline for the claim is not clear from the Complaint. It does appear from the face of the Complaint, however, that Plaintiff did not timely pursue her EPA claim.

underlying Plaintiff's claims appear largely to have taken place in 2015. Plaintiff therefore was required to pursue those claims within two years. She did not. Those claims accordingly are barred by the statute of limitations. Extending the time for service will not eliminate this deficiency.

Based on the facts and circumstances presented, the Court finds that Plaintiff has not diligently prosecuted her case. The Court therefore exercises its discretion not to extend the deadline for service. Plaintiff's Complaint is hereby **DISMISSED** for lack of proper service. Defendant Joe Flowers, Jr.'s Motion to Dismiss (Doc. 7) is **DENIED** as moot.[4]

**SO ORDERED** this 1st day of September, 2021.

_s/ Hugh Lawson_____
**HUGH LAWSON, SENIOR JUDGE**

aks

---

[4] Defendant Flowers filed a pro se motion to dismiss on August 10, 2021 alleging, in part, that he did not receive timely service. (Doc. 7, ¶ 6). Defendant does not indicate when or how he received service of the Complaint; however, he states that he was served more than 120 days after the filing of Plaintiff's Complaint. (Id. at ¶ 6). Because the Court has found that Plaintiff has not shown good cause for extending the time for service, the Court's Order already grants the relief requested by Defendant.